UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

      Plaintiff,

v.                          Criminal Case No. 18-20199

Kristopher Hobson,

                            Sean F. Cox
      Defendant.           United States District Court Judge

_____/

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR REVOCATION OF DETENTION ORDER**

      Defendant has moved to revoke Magistrate Judge Mona K. Majzoub's Order of Detention

Pending Trial (Doc. # 11). The parties appeared before the Court for a hearing on this motion on

April 13, 2018. For the reasons below, the Court finds that the Government has established clear

and convincing evidence that there is no condition or combination of conditions that will

reasonably assure Defendant's appearance and assure the safety of the community. Thus, the

Court shall deny Defendant's motion.

**BACKGROUND**

      Defendant Kristopher Hobson was arrested on a federal criminal complaint on March 11,

2018. Two days later, Magistrate Judge Majzoub held a detention hearing and, consistent with

the recommendation of pretrial services, ordered Defendant detained pending trial (Doc. # 11).

Defendant has since been indicted on two counts of felon in possession of a firearm, 18 U.S.C.

§ 922(g)(1) (Doc. # 12). He has now moved to revoke Magistrate Judge Majzoub's detention

order (Doc. # 21). The Government has responded (Doc. # 24).

# ANALYSIS

Under 18 U.S.C. § 3145(b), a defendant ordered detained by a magistrate judge may move to revoke the detention order. The Court reviews a defendant's appeal of an order of detention *de novo. United States v. Leon,* 766 F.2d 77, 80 (2d Cir. 1985).

A defendant may be detained pending trial only if the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e). It is the Government's burden to prove by clear and convincing evidence that "no conditions of release can assure that the defendant will appear and to assure the safety of the community." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010); 18 U.S.C. §§ 3142(e), 3142(f)(2)(B). To determine whether no conditions exist that will reasonably assure Defendant's appearance, the Court must consider the following factors from § 3142(g): (1) the nature and circumstances of the offenses charged; (2) the weight of the evidence against Defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by Defendant's release.

*Nature and Circumstances of the Charge*. The offense charged in the two counts of the indictment–felon in possession of a firearm–is serious. *See United States v. Carnes*, 309 F.3d 950, 957 (6th Cir. 2002) (stating that, in the Speedy Trial Act context, felon in possession is a serious offense). Indeed, crimes involving firearms are a specific consideration under § 3142(g)(1). Thus, this factor weighs in favor of detention.

*Defendant's History and Characteristics*. Defendant's history and characteristics demonstrate that he is a continuing danger to the community and a flight risk. He has a lengthy

criminal history, including convictions for possession with intent to distribute marijuana, felony firearm, and possession of a stolen vehicle. And the nature of these convictions is troubling; drug and weapons offenses pose a particular danger to the community.

Defendant has also shown a lack of respect for court orders or law enforcement. He committed the felony firearm and possession of a stolen vehicle offenses while on HYTA probation for his marijuana conviction, resulting in that probation being revoked. Then, while on parole for those firearm and stolen vehicle convictions, he incurred numerous technical parole violations. Currently, he also has four open warrants for failures to appear and for traffic violations. And Defendant has fled from police on multiple occasions, including one instance that led to a dangerous high speed chase.

Finally, the risk of danger and flight posed by Defendant's release is enhanced by his current unemployment and history of bipolar disorder and schizophrenia. And the risk posed by Defendant's mental health issues is exacerbated by his non-compliance with his treatment plan. For months, Defendant has failed to meet with his therapist or take his medications.

*Weight of the Evidence Against Defendant.* The weight of the evidence of Defendant's dangerousness is substantial. *See Stone*, 608 F.3d at 948 ("This factor goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt."). He has several previous convictions for narcotics and firearms offenses and his criminal conduct shows no signs of abating.

*Nature and Seriousness of the Danger Posed by Defendant's Release.* Finally, the Court finds that Defendant's release would pose a serious danger to the community. As detailed above, Defendant has a long history of criminal activity and weapons use. He has also shown little

regard for the authority of the court or for law enforcement, giving the Court little reason to believe that his dangerous behavior would suddenly cease if released on bond.

Weighing these factors, the Court concludes that the Government has established by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure Defendant's appearance and assure the safety of the community. Thus, the Court shall deny the motion for revocation of the detention order.

## CONCLUSION AND ORDER

For the reasons above, the Court ORDERS that Defendant's Motion for Revocation of Detention Order is DENIED.

IT IS SO ORDERED.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: April 16, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 16, 2018, by electronic and/or ordinary mail.

s/Teresa McGovern
Case Manager Generalist