UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

      Plaintiff,

v.                                    Criminal Case No. 18-20199

Kristopher Hobson,

                                    Sean F. Cox
      Defendants.                   United States District Court Judge

_____/

## OPINION AND ORDER DENYING
## DEFENDANT'S MOTION IN LIMINE WITHOUT PREJUDICE

Defendant is charged with two counts of felon-in-possession of a firearm, stemming from the discovery of two firearms during a search of his alleged residence. He has filed a motion in limine to exclude any reference at trial to the fact that those firearms had been reported as stolen and to exclude any reference to other stolen items discovered during the search (Doc. # 36). For the reasons below, the Court shall deny his motion without prejudice.

## BACKGROUND

According to the Government, an auto-theft investigation led Detroit Police officers to execute a search warrant at 18714 Kentucky in Detroit, Michigan on February 7, 2018. Defendant, Kristopher Hobson, was not present in the residence. During the search, officers discovered two firearms–a .40 caliber Glock pistol and a 20 gauge shotgun–that had previously been reported as stolen. The pistol had been stolen along with a GMC Yukon in December. The shotgun had been stolen from a parked vehicle just two days prior. Along with the firearms, officers also recovered several other stolen items, including two items that had been stolen the same day as the shotgun: an automotive jump-start battery pack stolen from the same vehicle and

an iPad stolen from a vehicle in the same parking lot.

At trial, the Government plans to offer evidence that the two firearms seized had been reported as stolen and evidence about the theft of the shotgun, iPad, and battery pack. Defendant seeks to exclude this evidence.

## ANALYSIS

The Government argues that the challenged evidence is part of the res gestae of the charged crimes. Also known as background evidence, it does not implicate Rule 404(b), but is evidence that is "inextricably intertwined" with the charged offense. *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000). "Proper background evidence has a causal, temporal, or spatial connection with the charged offense." *Id.* "Typically, such evidence is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged offense." *Id.*

For example, the facts and circumstances of the investigation leading up to the search of the Kentucky residence is clearly background evidence. After all, the "purpose of background evidence is to put the charges in the appropriate context." *United States v. Gibbs*, 797 F.3d 416, 424 (6th Cir. 2015). And that is what evidence about the investigation does–it explains to the jury how and why the police came to be in Defendant's residence in the first place. *See United States v. Gibbs*, 506 F.3d 479, 484 (6th Cir. 2007) (holding testimony about a burglary investigation was admissible in a felon-in-possession case to show how the investigation led to the defendant).

Also admissible as background evidence is evidence that the firearms had been reported

as stolen and evidence of the theft of the shotgun, iPad, and battery pack. Not only will this information necessarily come to light when the Government tells its story, but it is also directly probative of the elements of the charged offense. At trial, the Government must prove that Defendant knowingly possessed the firearms specified in the indictment. *United States v. Grubbs*, 506 F.3d 434, 439 (6th Cir. 2007). Because Defendant was not present during the search, the Government will have to show constructive possession–that Defendant knowingly had the power and intention at a given time to exercise dominion and control over the firearms. *Id*. Evidence of where the firearms came from is probative of Defendant's knowledge of, and control over, those firearms. *Cf. United States v. Jackson*, 379 F. App'x 786, 787-88 (10th Cir. 2010) (holding that, when a firearm and other items in the defendant's possession had been stolen from the same person, evidence that the firearm had been stolen was admissible to show knowledge); *United States v. James*, 217 F. App'x 776, 781 (10th Cir. 2007) (holding that evidence that a shotgun was stolen was admissible in a felon-in-possession case to establish the element of possession). For instance, because the shotgun was discovered in what was allegedly Defendant's bedroom, evidence that it had been stolen, along with the battery pack and iPad also found in the residence, two days prior to the search is probative to show Defendant's knowledge of, and opportunity to possess, that firearm.

The final question, then, is whether the probative value of the challenged evidence is substantially outweighed by the danger of unfair prejudice. *See* Fed. R. Evid. 403. It is not. The probative value of the evidence is high; it provides the jury with important contextual information and helps prove an element of the crime. And this evidence, not offered to show Defendant's propensity for wrongdoing, does not pose a strong risk that the jury will make its

decision on an improper basis. *See United States v. Newsom*, 452 F.3d 593, 603 (6th Cir. 2006) ("Unfair prejudice does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest [a] decision on an improper basis."). Also, any risk can be mitigated by an appropriate limiting instruction. *See United States v. Myers*, 123 F.3d 350, 363 (6th Cir. 1997). So, any danger of unfair prejudice does not *substantially outweigh* the probative value of the challenged evidence.

## CONCLUSION AND ORDER

Trials are dynamic and the Court recognizes that as the proofs play out it may become appropriate for Defendant to bring this motion again at a later time. Background evidence, of course, cannot be used to evade the prohibitions against propensity evidence in Rule 404(b). *United States v. Clay*, 667 F.3d 689, 697 (6th Cir. 2012). But, at this stage, the Court has no reason to believe that will be the case. Thus, because Defendant has not shown that the challenged evidence is inadmissible, the Court ORDERS that his Motion in Limine is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: July 16, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 16, 2018, by electronic and/or ordinary mail.

s/Jennifer McCoy
Case Manager

4