UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

Plaintiff,

v. Criminal Case No. 18-20199

Kristopher Hobson,

Sean F. Cox

Defendants. United States District Court Judge

______________________________/

**ORDER DENYING DEFENDANT'S RULE 29 MOTION**

Defendant Kristopher Hobson is charged with two counts of felon-in-possession of a firearm, 18 U.S.C. § 922(g)(1). Jury trial began on July 17, 2018. At the close of the Government's proofs, Defendant's counsel made an oral motion for a judgment of acquittal on both counts.

For a Rule 29 motion for judgment of acquittal, the Court examines the evidence "in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Campbell*, 549 F.3d 364, 374 (6th Cir. 2008).

Defendant is charged with felon-in-possession of a firearm, which has three elements: (1) the defendant has a prior felony conviction; (2) the defendant knowingly possessed the firearm specified in the indictment; and (3) the firearm traveled in or affected interstate commerce. *Id*. The parties have stipulated to the first and third elements, so only the second element of possession is in dispute. This element can be based on actual or constructive possession. *Id*. Actual possession requires the defendant to have "immediate possession or control of the

firearm," whereas constructive possession exists if the defendant knowingly had the power and intention at a given time to exercise dominion and control over the firearm. *Id*.

The record shows that on February 7, 2018, Detroit police officers executed a search warrant at a residence located at 18714 Kentucky. During the initial security sweep, they discovered two firearms–a .40 caliber Glock pistol and a 20 gauge shotgun–in the northwest bedroom. The evidence at trial tied this bedroom to Defendant. During the search, officers found two forms of identification–a State of Michigan ID and an MDOC ID–for Defendant in that room. The State of Michigan ID, bearing the same issuance date, was also found in Defendant's possession when he was arrested one month later, indicating that he had gone to the bedroom after the search. And the jury also heard testimony that this bedroom belonged to an individual known as "Chicken"–the nickname Defendant went by.

Viewing this evidence in the light most favorable to the prosecution, a rationale trier of fact could conclude that the two firearms were found in Defendant's bedroom. So, it could also find beyond a reasonable doubt that Defendant constructively possessed the firearms found in his bedroom. *See United States v. Bingham*, 81 F.3d 617, 633 (6th Cir. 1996) (holding the defendant constructively possessed the firearm seized from the master bedroom closet of his residence); *United States v. Malone*, 308 F. App'x 949, 952 (6th Cir. 2009) ("This court has repeatedly and frequently held that constructive possession may be shown to exist if the contraband is found in a defendant's bedroom or personal living space.") (citing cases). Thus, the Court ORDERS that

Defendant's Rule 29 motion for judgment of acquittal is DENIED.

IT IS SO ORDERED.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: July 19, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 19, 2018, by electronic and/or ordinary mail.

s/Jennifer McCoy
Case Manager